IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

REMA R.,[1]

    Plaintiff,

v.

NANCY A. BERRYHILL,
Acting Commissioner, Social Security
Administration,

    Defendant.

Civ. No. 3:18-cv-00163-JR

OPINION AND ORDER

KASUBHAI, Judge:

    Plaintiff Rema R. brings this action for judicial review of the Commissioner of Social Security's ("Commissioner") decision denying her applications for Disability Insurance and Supplemental Security Income benefits. This Court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c)(3).

    On May 1, 2014 Plaintiff filed an applications for Disability Insurance and Supplemental Security Income benefits, alleging disability as of September 1, 2006. Tr. 185-191, 192-197.[2] Plaintiff was denied initially upon application and upon reconsideration. Tr. 141-145, 146-149. Upon Plaintiff's request a hearing was held and on December 22, 2016, an Administrative Law

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of both the non-governmental party in this case and any immediate family members of that party.

[2] "Tr." Refers to the Transcript of Social Security Administrative record provided by the Commissioner.

1 – OPINION AND ORDER

Judge ("ALJ") determined that Plaintiff was not disabled and denied her claim. Tr. 17-38. The Appeals Council denied the request for review, making the ALJ's decision the final decision of the Commissioner. Tr. 1-6. This appeal followed.

Plaintiff now contends that the ALJ erred: (1) in failing to provide a legally sufficient reason to discount the opinion of treating physician Dr. Kemerling; (2) in rejecting Plaintiff's subjective symptom testimony; and (3) in failing to include all of Plaintiff's supported functional limitations in the residual functional capacity ("RFC") assessment. Because the Commissioner's decision is based on proper legal standards and supported by substantial evidence, the Commissioner's decision is AFFIRMED.

## STANDARD OF REVIEW

A reviewing court shall affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence on the record. 42 U.S.C. § 405(g); *Batson v. Comm'r for Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th Cir. 2012) (quoting *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997)). To determine whether substantial evidence exists, this court reviews the administrative record as a whole, weighing both the evidence that supports and that which detracts from the ALJ's conclusion. *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986).

## DISCUSSION

The Social Security Administration utilizes a five-step sequential evaluation to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520; 416.920. If the claimant satisfied her burden with respect to the first four steps, the burden then shifts to the Commissioner with regard

to step five. 20 C.F.R. § 404.1520. At step five, the Commissioner's burden is to demonstrate the claimant is capable of making an adjustment to other work after considering the claimant's Residual Functional Capacity ("RFC"), age, education, and work experience. *Id.*

In the present case, the ALJ found that Plaintiff was not disabled. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since September 1, 2006. Tr. 22. A step two, the ALJ found that Plaintiff had the following severe impairments: posttraumatic stress disorder/anxiety, depression, fibromyalgia, irritable bowel syndrome, Bells palsy, and obesity. *Id*. At step three, the ALJ found that Plaintiff's impairments or combination of impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 22-25.

Prior to step four, the ALJ determined that Plaintiff's RFC allows her to perform less than a full range of light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b). She can lift and carry 20 pounds occasionally and 10 pounds frequently. She can sit, stand, and walk about six hours each in an eight-hour workday. She can do simple, routine work with occasional contact with supervisors, superficial contact with coworkers with no teamwork or collaboration, and no public contact. Tr. 25. At step four, the ALJ found Plaintiff has no past relevant work (Tr. 31) but at step five, determined based on the assessed RFC she could perform jobs existing in significant numbers in the national economy, specifically the representative occupations laundry worker, DOT#302.685-010, and photocopy machines operator, DOT#207.685-014. Tr. 32. As a result the ALJ concluded that Plaintiff was "not disabled" for purposes of the Social Security Act and therefore did not qualify for benefits. Tr. 32.

Plaintiff challenges the ALJ's non-disability determination on three grounds. First, Plaintiff argues that the ALJ failed to provide legally sufficient reasons to discount the opinion of

3 – OPINION AND ORDER

Dr. Kemerling. Second, the ALJ erred in rejecting Plaintiff's subjective symptom testimony. And third, the ALJ erred in failing to include all of Plaintiff's supported functional limitations in the RFC.

I. **Dr. Kemerling's opinion**

Plaintiff first challenges the ALJ's decision to give Dr. Kemerling's opinion little weight. Pl.'s Br. 5. The ALJ found that Dr. Kemerling's opinion was not well-supported by substantial evidence and appeared to be "based primarily on the claimant's self-report," which rendered it less persuasive. Tr. 30. Because her opinion is contradicted by other medical opinions in the record, the ALJ need only provide specific and legitimate reasons, supported by substantial evidence, for rejecting her opinion. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). An ALJ may reject a psychological opinion that is "not supported by clinical evidence" and is based on a claimant's subjective complaint. *Id*. at 1217.

Here, the ALJ provided specific and legitimate reasons for giving Dr. Kemerling's opinion little weight. While Dr. Kemerling opined that Plaintiff "struggles with depression and anxiety" that "appears to cause severe impairments in her day-to-day functioning" (Tr. 1071), she offered no clinical findings to support her conclusion. Rather than objectively assess how Plaintiff's depression and anxiety affect her functioning, Dr. Kemerling's measured Plaintiff's progress primarily using Plaintiff's own self-reports. *See, e.g.*, Tr. 903, 905, 908, 911, 914, 917, 923, 926. At times Dr. Kemerling's treatment notes call into question the validity of Plaintiff's self-reports regarding her progress. For example, despite Plaintiff appearing to Dr. Kemerling to be in a good mood during a visit, she self-reported a mood of just "2" on a mood scale ranging from 1 to 10. Tr. 908.

Additionally, while Plaintiff was noted to have had a flat affect or appeared to be tense, depressed, or anxious, those observations, absent further explanation, are not objective findings that support the severe limitations to which Dr. Kemerling opined, such as difficulty concentrating, difficulty remembering, inability to perform tasks at a consistent pace during a normal workday, or inability to meet competitive standards for carrying out simple instructions. Tr. 1072-73. Those same progress notes show that despite appearing tense, depressed, or anxious, Plaintiff had relatively normal mental functioning. She displayed logical thought process, was cooperative, and her thought content, perception, insight, judgment, and cognition were all within normal limits. Tr. 898, 907-08, 910-11. For those reasons, substantial evidence exists to support the ALJ's decision to discount Dr. Kemerling's opinion.

## II. Subjective symptom testimony

Plaintiff challenges the ALJ's decision to reject Plaintiff's subjective symptom testimony. When there are objective medical impairments that could reasonably be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of . . . symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996) (internal citation omitted). The ALJ is no longer tasked with making an overarching credibility determination, but instead assesses whether the claimant's subjective symptom statements are consistent with the record as a whole. SSR 16-3p, *available at* 2017 WL 5180304 (superseding SSR 96-7p, *available at* 1996 WL 374186).

Here, the ALJ found that Plaintiff's alleged symptoms were not consistent with her daily living activities. Tr. 28. While Plaintiff claimed she was "afraid of everything," including "people, and unfamiliar places, the dark" and "most things in life" (Tr. 252), she shopped in

5 – OPINION AND ORDER

stores, such as Costco and Fred Meyers, three times a week, went to the library, and went out to the movies with her mother and friends. Tr. 28, 262, 277, 545, 1060, 1063. Treatment notes indicate that Plaintiff is able to "go out alone for basic needs like grocery shopping [and] walking her dogs . . . without significant difficulty, and also [went] out socially with friends and [found] enjoyment with this." Tr. 29, 546.

While alleging that it was hard for her to leave her house and that leaving made her "feel awful" (Tr. 55), Plaintiff was able to participate in, and even plan, activities outside of her home. In September 2014 she reported looking forward to going to the Bonneville hot springs with friends. Tr. 874. In May 2014 she reported planning a trip to Florida for her niece's graduation. Tr. 888. She attended a crafts convention and stated the convention "was really good." Tr. 868.

Plaintiff also performed physical activities that are inconsistent with her allegations relating to her physical impairments. She lives alone and independently. She performs personal care, prepares her own food, cares for a pet dog, performs household chores and yard work, engages in hobbies, such as quilting, beading, cross-stitch, sewing, and reading, drives a car, goes for walks, hikes every month, uses a computer and smartphone, and manages her finances. Tr. 28, 60, 249, 894, 892.

The ALJ reasonably found that Plaintiff's activities were inconsistent with the level of severity of symptoms alleged and provided clear and convincing reasons supported by substantial evidence for discounting Plaintiff's subjective symptom testimony.

## **CONCLUSION**

The ALJ reasonably evaluated the evidence and formulated Plaintiff's residual functional capacity to account for those limitations that were consistent with the credible evidence in the record. Tr. 25-31. Because the ALJ provided specific and legitimate reasons for discounting Dr.

Kemerling's opinion and provided clear and convincing reasons for rejecting Plaintiff's testimony, the ALJ did not err in his residual functional capacity finding. The Commissioner's decision is AFFIRMED.

Dated this 14th day of November, 2018.

/s/Mustafa T. Kasubhai
Mustafa T. Kasubhai
United States Magistrate Judge